UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUAMIANE PHANG,

Petitioner,

v. Case No: 2:13-cv-149-FtM-29DNF

STUART K. WHIDDON, Sheriff, MARC J. MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director, ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of the Department of Homeland Security, and JOHN MORTON, Director of ICE,

Respondents.[1]

## ORDER OF DISMISSAL

Petitioner Duamiane Phang ("Petitioner"), a native and citizen of Jamaica, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 1, 2013 (Doc. 1). At that time, Petitioner had been detained in Immigration and Customs Enforcement custody at the Glades County Detention Center in Moore

[1]A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. In cases involving present physical confinement, the Supreme Court reaffirmed in Rumsfeld v. Padilla, 542 U.S. 426 (2004) that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Padilla, 542 U.S. at 439. As Petitioner was detained at the Glades County Detention Center in Moore Have, Florida, Petitioner's immediate custodian and proper respondent is Sheriff Stuart K. Whiddon. All other respondents are dismissed from this action.

Haven, Florida since July 20, 2012. Id. at 1. Petitioner asserts that he is not subject to the mandatory detention provisions of 8 U.S.C. § 1226(c) because he was not taken into custody in close temporal proximity to his release from state incarceration. Id. at 3-4. Petitioner also asserts that his continued detention without an individualized bond hearing violates his due process rights under the Fifth Amendment of the United States Constitution. Id. at 2. Petitioner asks this Court to assume jurisdiction over this matter and order that he receive an individualized bond hearing. Id. at 5.[2]

Respondent was ordered to show cause why the petition should not be granted (Doc. 5). Respondent filed a response to the petition, arguing that this Court should defer to the Board of Immigration Appeals' ("BIA's") reasonable interpretations of 8 U.S.C. § 1226(c) and that Petitioner's mandatory detention does not violate due process pursuant to Denmore v. Kim, 538 U.S. 510, 512 (2003) (Doc. 7).

[2] Petitioner also requests an order preventing Respondent from transferring him from the jurisdiction of this Court while he remains in ICE custody (Doc. 1 at 5). Such an order is unnecessary as a transfer out of the Middle District of Florida would not divest this Court of jurisdiction over the petition. See Braden v. 30th Judicial Court of Kentucky, 410 U.S. 484, 495 (1973) (a petitioner's presence within the territorial confines of the district is not "an invariable prerequisite" to the exercise of a district court's habeas corpus jurisdiction). Accordingly, this particular request will not be further addressed by this Court.

Subsequent to the response, Petitioner was deported to Jamaica. Thereafter, Respondent filed a motion to dismiss the action as moot because Petitioner was no longer in ICE custody (Doc. 9, filed May 30, 2014). Despite being directed to do so (Doc. 10), Petitioner has not responded to the motion to dismiss,[3] and the matter is ripe for review.

For the reasons set forth in this Order, Respondent's motion to dismiss the petition as moot is **GRANTED**.

## I. Background

Petitioner is a native and citizen of Jamaica (Doc. 7-1 at 2). He entered the United States as a lawful permanent resident on March 7, 1996. Id. On August 7, 200, Petitioner was convicted of possession of Methylenedioxymethamphetamine ("MDMA") in violation of Florida Statute §§ 893.13(6)(a) and 893.03(1)(a)(A)(38) and of possession of cocaine with intent to sell, manufacture, or deliver in violation of Florida Statute §§ 893.13(1)(a)(1) and 893.03(20(a)(4). Id. Petitioner was sentenced to five years of probation. Id.

Petitioner was arrested for possession of a firearm or ammunition on July 21, 2012 (Doc. 7-1 at 15). Immigration and Customs Enforcement ("ICE") took Petitioner into custody on July

[3] Mail sent to Petitioner was returned as undeliverable on June 27, 2014. Petitioner has not provided the Court with an updated address.

25, 2012 (Doc. 7-1 at 17). On the same day, Petitioner was served with a Notice to Appear ("NTA") charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i) for being convicted of an offense relating to a controlled substance, based on his August 7, 2008 convictions (Doc. 7-1 at 2). Petitioner was served with a notice of custody determination advising him that he was being detained under 8 U.S.C. § 1226 (Doc. 7-1 at 19).

Subsequently, an immigration judge found Petitioner removable as charged and ordered his removal to Jamaica (Doc. 9-1 at 8-20). Petitioner appealed the decision, but the BIA dismissed Petitioner's appeal, affirming the immigration judge's finding that Petitioner was removable from the United States based on his criminal conviction for a controlled substance offense and finding that Petitioner was ineligible for cancellation of removal (Doc. 9-1 at 5-6). As a result, authority for Petitioner's detention shifted from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231(a)(3). See Denmore, 538 U.S. at 512 (recognizing that § 1226(c) was intended only to govern detention of deportable criminal aliens "*pending their removal proceedings*")(emphasis in original).

Petitioner was removed to Jamaica on July 25, 2013 (Doc. 9; Doc. 9-1 at 22-23).

## **II. Analysis**

Petitioner claims that he is entitled to habeas relief based upon the length of his detention by ICE officials without an

individualized bond hearing, which he says violates his substantive right to due process (Doc. 1 at 2, 4). Petitioner also asserts, without explanation, that he is not subject to the mandatory detention provisions of 8 U.S.C. § 1226(c) (Doc. 1 at 2).[4]

Respondent notes that Petitioner challenges only his continued detention, and has filed a motion to dismiss asserting that the petition is moot because, subsequent to the petition's filing, Petitioner was removed to Jamaica (Doc. 9 at 1).

---

[4] Under the INA, criminal aliens who are convicted of certain offenses may be removed from this country. 8 U.S.C. § 1227(a)(2). In some instances, the Attorney General has the discretion to cancel removal. 8 U.S.C. § 1229(a)(b). However, lawful permanent residents convicted of certain serious crimes are ineligible for cancellation of removal and are subject to mandatory deportation. 8 U.S.C. § 1229b(a)(3); See also Moncrieffe v. Holder, 133 S. Ct. 1678 (2013)(discussing when an alien is subject to mandatory deportation due to a conviction for certain aggravated felonies). In Moncrieffe, the United States Supreme Court concluded that when the government urges that a state conviction qualifies as an "aggravated felony" under the INA, a court must determine whether the state offense is comparable to an offense listed under the INA. Id. at 1684. A state offense matches a generic federal offense only if "a conviction of the state offense 'necessarily involved . . . facts equating to [the] generic [federal offense].'" Id. (citing Shepard v. United States, 544 U.S. 13, 24 (2005)).

It is unclear whether Petitioner challenges any of his underlying convictions as predicate offenses for mandatory removal, but he does claim, without explanation, that he is not subject to mandatory detention (Doc. 1 at 2). Because this Court can no longer provide Petitioner any meaningful relief, it is unnecessary to determine whether the holding in Moncrieffe can be extended to allow a district court to determine whether a Petitioner's prior convictions subject him to mandatory detention. 8 U.S.C. § 1226(c); see discussion infra Part II.

Respondent attaches as an exhibit to the motion, Petitioner's detention history which indicates that he was removed on July 25, 2013 (Doc. 9-1 at 22-24).

The Eleventh Circuit has held that a "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (citing to Powell v. McCormack, 395 U.S. 486, 496 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. See Spencer v. Kemna, 523 U.S. 1, 7–8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).

It is undisputed that Petitioner is no longer in ICE custody due to his removal from the United States. Accordingly, to the extent Petitioner seeks release from ICE custody or an individualized bond hearing, the Court can no longer give Petitioner any meaningful relief. See Soliman v. United States, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country); Ousama v. Gonzales, Case No. CA 06–0770, 2007 WL 710106,

at *2 (S.D. Ala. 2007) (finding petition moot where the petitioner was repatriated to his native country); Gauchier v. Davis, Case No. 01–3710, 2002 WL 975434, at *2 (E.D. La. 2002) (finding petition moot where petitioner was deported to native country); Xing Hai Liu v. Ashcroft, 218 F. Supp. 2d 1, 1 (D. Me. 2002) (dismissing petition as moot because petitioner had been returned to China); Malainak v. INS, Case No. 3–01–cv–1989, 2002 WL 220061, at *2 (N.D. Tex. 2002) (dismissing petition as moot because petitioner was removed to Thailand).

There is a narrow exception to the mootness doctrine for actions that are capable of repetition yet evading review. See Najjar, 273 F.3d at 1336, 1340. The exception may be invoked only when: "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Id. at 1336 (quoting Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997)).

The instant case cannot satisfy the narrow exception to the mootness doctrine because Petitioner is no longer being held pursuant to 8 U.S.C. § 1226(c). The issuance of a final removal order subsequent to Petitioner filing his habeas petition "fundamentally change[d] the procedural posture of the case" and rendered the petition moot. See De La Teja v. United States, 321

F.3d 1357, 1363 (11th Cir. 2003).[5] Petitioner is now subject to a final order of removal pursuant to § 1231(a)(2) and is no longer being held under the authority of 8 U.S.C. § 1226(c). Even should Petitioner somehow be detained in the future, a decision from this Court concerning his prior period of detention would not provide Petitioner the habeas relief he seeks because any future detention would be authorized under 8 U.S.C. § 1231.

In accordance with the foregoing, Petitioner's claims that he is being unconstitutionally held and is entitled to an individualized bond hearing are dismissed as moot.

[5] The Eleventh Circuit's reasoning in De La Teja is instructive. At the time he had filed his § 2241 habeas petition, De La Teja, like Petitioner, was detained pursuant to § 1226(c) pending a final decision on the INS's removal petition. De La Teja, 321 F.3d at 1362. Subsequently, De La Teja's removal order became final and he became subject to detention pursuant to § 1231(a)(2). Id. at 1363. The Eleventh Circuit concluded that De La Teja's habeas petition was moot "[b]ecause the Attorney General no longer [was] acting pursuant to § 1226(c)," and it was "altogether inappropriate" to consider the question of whether De La Teja's detention pursuant to § 1226(c) violated due process. Id. at 1263. The court addressed the narrow exception to the mootness doctrine, noting that "actions that are capable of repetition yet evading review applies only to the exceptional circumstance in which the same controversy will recur and there will be inadequate time to litigate it prior to its cessation." 321 F.3d at 1364, n. 3 (citation omitted). The court concluded that the exception to the mootness doctrine for actions that are capable of repetition "does not apply because the controversy at issue . . . necessarily cannot arise again, as De La Teja is now, and will be, subject to a final order of deportation." Id.

1. Respondents Eric Holder, Janet Napolitano, Marc J. Moore, Anthony Aiello, and John Morton are **DISMISSED** from this action as improper respondents;

2. Respondent's motion to dismiss Plaintiff's petition as moot (Doc. 9) is **GRANTED**, and the petition for writ of habeas corpus filed by Duamiane Phang (Doc. 1) is **DISMISSED** without prejudice to his right to file a new § 2241 in the future if a change in his circumstances occurs; and

3. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of November, 2014.

John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record